Filed 12/10/14  P. v. Stites CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>DONALD EDWARD STITES,<br><br>　　　Defendant and Appellant. | F067803<br><br>(Super. Ct. No. MF010383A)<br><br>**OPINION** |

-----

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Bryan K. Stainfield and John D. Oglesby, Judges.[†]

Michael Allen,, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Cornell, Acting P.J., Kane, J. and Franson, J.

[†]　　Judge Stainfield presided over appellant's change of plea hearing.  Judge Oglesby presided over appellant's motion to substitute counsel and sentenced appellant.

## PROCEDURAL SUMMARY

Appellant Donald Edward Stites was charged in an information filed April 15, 2013, with being a felon unlawfully in possession of ammunition (Pen. Code § 30305, subd. (a)(1), count 1),[1] being a felon in possession of a firearm (§ 29800, subd. (a)(1), count 2), felony evasion of a peace officer (Veh. Code, § 2800.2, count 3), felony evasion of a peace officer while driving in the opposite direction of traffic (Veh. Code, § 2800.4, count 4), assault with a deadly weapon, a car (§ 245, subd. (a)(1), count 5), and misdemeanor delay of a peace officer (§ 148, subd. (a)(1), count 6). The complaint alleged in count 5 that appellant was armed with a firearm (§ 12022, subd. (a)(1)) and had four prior prison term enhancements (§ 667.5, subd. (b)).

On May 9, 2013, appellant entered into a plea agreement.[2] In exchange for admission of felony evasion of a peace officer, count 3, appellant would receive a stipulated sentence of three years and the remaining allegations would be dismissed. Appellant initialed and executed a felony advisement of rights, waiver and plea form in which he acknowledged the consequences of his plea and his constitutional rights pursuant to *Boykin/Tahl*.[3] The trial court verified from appellant that he initialed and executed the change of plea form and advised appellant of the consequences of his plea. The parties stipulated to a factual basis for the plea based on the preliminary hearing transcript. Appellant pled no contest to felony evasion of a peace officer.

---

[1]  Unless otherwise designated, all statutory references are to the Penal Code.

[2]  On January 24, 2013, appellant entered into a plea agreement in which he admitted count 2 in exchange for the dismissal of the other allegations and a stipulated sentence of three years. On March 22, 2013, however, the trial court granted appellant's motion to withdraw his plea.

[3]  *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

On June 14, 2013, appellant brought a *Marsden*[4] motion to replace his appointed counsel. Appellant's counsel told the court that appellant indicated he wanted to withdraw his plea and counsel believed a new attorney should be appointed to address such a motion. Appellant told the court he wanted a new attorney because there was a favorable witness who should have been subpoenaed. Appellant wanted fingerprints taken off the weapon. Appellant stated that counsel indicated he had a conflict of interest.[5] Appellant complained that every time he saw his attorneys, they were rushed and did not seem to have time for his case.

Mr. Blanco explained that he learned at the preliminary hearing that appellant's fingerprints were not taken from the weapon. Mr. Blanco stated that a *Pitchess*[6] motion was contemplated, but a new plea bargain was being discussed. Mr. Evans explained that it was his normal practice when going over a plea form to read it to the defendant, underline key phrases and points on the form, and review the waiver of rights with the defendant. Mr. Evans also reviews the facts of the case, possible defenses, and the strengths and weaknesses of the prosecution's case. Mr. Evans was particularly careful with appellant's new plea agreement because the prior agreement had been withdrawn.

Mr. Evans explained that appellant was not brow-beaten into taking a plea bargain. According to Mr. Evans, he was able to negotiate a plea bargain with the prosecutor that did not include admission of a strike offense. The trial court found no basis to change appellant's counsel and denied the *Marsden* motion. The court sentenced appellant in accordance with the terms of the plea agreement to a prison term of three years. Appellant was granted actual custody credits of 155 days, conduct credits of 154 days,

---

**4** *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

**5** Appellant was represented by both Mr. Blanco and Mr. Evans from the public defender's office.

**6** *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

and total custody credits of 309 days.  The court imposed a restitution fine of $280.  Appellant obtained a certificate of probable cause.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

**FACTS**

Just before 9:00 p.m. on January 7, 2013, Kern County Sheriff's Office Deputy Ben Harmonson was parked in his marked patrol vehicle with the lights off in the area of Tehachapi Willow Springs Road and Backus Road when he saw a three-wheel, all-terrain vehicle (ATV) with a single headlight being operated on the paved road in violation of the Vehicle Code.  Harmonson was in full uniform.  Harmonson activated his overhead lights, showing a solid red light to detain appellant.  Appellant increased his speed and began to pull away from Harmonson.

Harmonson shined his spotlight on the driver to let him know he was being pursued by a peace officer.  Harmonson had to avoid oncoming traffic, first deactivating his lights, then reactivating them.  Appellant then tried to ram Harmonson's vehicle with the ATV.  When Harmonson spotlighted the driver's face, he saw appellant's face through the open face of appellant's motorcycle helmet.

As Harmonson pursued the ATV, appellant drove it northbound in the southbound lanes of Tehachapi Willow Springs Road.  Deputy Lancaster joined in the pursuit.  Appellant reached around his left leg and produced a .22-caliber Ruger long rifle and discarded it to the southbound shoulder of the road.  The rifle was later recovered.

When Lancaster joined the pursuit, appellant turned west on Aqueduct Road, which is a dirt road with portions of cement.  Appellant stopped for a moment and the two deputies stopped as well.  As Harmonson started to exit his vehicle, appellant began driving again westbound on Aqueduct Road.  Harmonson pursued appellant, who then turned south through the desert.  Harmonson stopped the pursuit and retrieved the discarded rifle.

Harmonson explained that the ATV was distinctive because it had a chain and padlock hanging from the rear of the vehicle. Harmonson recognized the ATV from a stop he had made of appellant on December 29, 2012. On January 11, 2013, Harmonson obtained a warrant and arrested appellant at appellant's job on the Sierra Highway. Harmonson questioned appellant after advising him of his *Miranda* rights.[7] Appellant said he was drunk and did not remember trying to ram Harmonson's vehicle.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on December 27, 2013, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.

---

[7]     *Miranda v. Arizona* (1966) 384 U.S. 436.